# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| **Lakeview Loan Servicing, LLC** | **CIVIL ACTION NO:** |
| **Plaintiff** | **COMPLAINT** |
| vs. | RE: <br> **69 West Minot Road, Minot, ME 04258** |
| **Brian P. Gilbert** | Mortgage: <br> **March 20, 2019** <br> **Book 10050, Page 5** <br> **Androscoggin County Registry of Deeds** |
| **Defendant** | |

NOW COMES the Plaintiff, Lakeview Loan Servicing, LLC, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, Brian P. Gilbert, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by Lakeview Loan Servicing, LLC, in which the Defendant, Brian P. Gilbert, is the obligor and the total amount owed under the terms of the Note is One Hundred Ten Thousand Eight Hundred Seventeen and 57/100 ($110,817.57) Dollars, plus attorney fees and costs associated with the

instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. Lakeview Loan Servicing, LLC is a limited liability company with its principal place of business located at 4425 Ponce De Leon Boulevard, Mailstop MS5/521, Coral Gables, FL 33146.

5. The Defendant, Brian P. Gilbert, is a resident of Minot, County of Androscoggin and State of Maine.

## FACTS

6. On March 20, 2019, by virtue of a Warranty Deed from Patricia Downs and John Downs, which is recorded in the Androscoggin County Registry of Deeds in **Book 10050, Page 3**, the property situated at 69 West Minot Road, Town of Minot, County of Androscoggin, and State of Maine, was conveyed to Brian P. Gilbert, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

7. On March 20, 2019, Defendant, Brian P. Gilbert, executed and delivered to Residential Mortgage Services, Inc. a certain Note under seal in the amount of $89,100.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

8. To secure said Note, on March 20, 2019, Defendant, Brian P. Gilbert executed a Mortgage Deed in favor of Residential Mortgage Services, Inc., securing the property located at 69 West Minot Road, Minot, ME 04258 which Mortgage Deed is recorded in the Androscoggin County Registry of Deeds in **Book 10050**, **Page 5**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

9. The Mortgage was then assigned to Mortgage Electronic Registration Systems as Nominee for Residential Mortgage Services, Inc. by virtue of an Assignment of Mortgage dated March 20, 2019 and recorded in the Androscoggin County Registry of Deeds in **Book 10087**, **Page 286**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

10. The Mortgage was then assigned to AmeriHome Mortgage Company, LLC by virtue of an Assignment of Mortgage dated April 2, 2020 and recorded in the Androscoggin County Registry of Deeds in **Book 10356**, **Page 179**. *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

11. The Mortgage was further assigned to AmeriHome Mortgage Company, LLC by virtue of a Quitclaim Assignment dated May 21, 2020 and recorded in the Androscoggin County Registry of Deeds in **Book 10380**, **Page 33**. *See* Exhibit F (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

12. The Mortgage was further assigned to Lakeview Loan Servicing, LLC by virtue of an Assignment dated March 12, 2021 and recorded in the Androscoggin County Registry of Deeds in **Book 10673**, **Page 337**. *See* Exhibit G (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

13. On August 17, 2021, the Defendant, Brian P. Gilbert, was sent a Notice of Mortgagor's Right to Cure, which was received September 27, 2021, as evidenced by the USPS Tracking

Number (herein after referred to as the "Demand Letter"). *See* Exhibit H (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

14. The Demand Letter informed the Defendant, Brian P. Gilbert, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit G.

15. The Defendant, Brian P. Gilbert, failed to cure the default prior to the expiration of the Demand Letter.

16. The Plaintiff, Lakeview Loan Servicing, LLC, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

17. The Plaintiff, Lakeview Loan Servicing, LLC, is the lawful holder and owner of the Note and Mortgage.

18. The Plaintiff, Lakeview Loan Servicing, LLC, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 and/or Note and Mortgage were strictly performed.

19. The total debt owed under the Note and Mortgage as of February 3, 2022 is One Hundred Ten Thousand Eight Hundred Seventeen and 57/100 ($110,817.57) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $88,547.78 |
| Interest | $10,455.82 |
| Late Fees | $132.54 |
| Total Fees | $62.00 |
| Total Advances | $2,833.95 |
| Escrow Advance | $8,501.57 |
| Insurance Premium | $283.91 |
| Grand Total | $110,817.57 |

20. Upon information and belief, the Defendant, Brian P. Gilbert, is presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE AND SALE

21. The Plaintiff, Lakeview Loan Servicing, LLC, repeats and re-alleges paragraphs 1 through 20 as if fully set forth herein.

22. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 69 West Minot Road, Minot, County of Androscoggin, and State of Maine. *See* Exhibit A.

23. The Plaintiff, Lakeview Loan Servicing, LLC, is the holder of the Note referenced in Paragraph 7 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, Lakeview Loan Servicing, LLC, has the right to foreclosure and sale upon the subject property.

24. The Plaintiff, Lakeview Loan Servicing, LLC, is the current owner and investor of the aforesaid Mortgage and Note.

25. The Defendant, Brian P. Gilbert, is presently in default on said Mortgage and Note, having failed to make the monthly payment due October 1, 2019, and all subsequent payments, and, therefore, has breached the condition of the aforesaid Mortgage and Note.

26. The total debt owed under the Note and Mortgage as of February 3, 2022 is One Hundred Ten Thousand Eight Hundred Seventeen and 57/100 ($110,817.57) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $88,547.78 |
| Interest | $10,455.82 |

| | |
|---|---:|
| Late Fees | $132.54 |
| Total Fees | $62.00 |
| Total Advances | $2,833.95 |
| Escrow Advance | $8,501.57 |
| Insurance Premium | $283.91 |
| Grand Total | $110,817.57 |

27. The record established through the Androscoggin County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

28. By virtue of the Defendant, Brian P. Gilbert's breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate.

29. Notice in conformity with 14 M.R.S.A. § 6111 and/or Note and Mortgage was sent to the Defendant, Brian P. Gilbert, on August 17, 2021, evidenced by the USPS Tracking Number. *See* Exhibit H.

30. The Defendant, Brian P. Gilbert, is not in the Military as evidenced by the attached Exhibit I.

## COUNT II – BREACH OF NOTE

31. The Plaintiff, Lakeview Loan Servicing, LLC, repeats and re-alleges paragraphs 1 through 30 as if fully set forth herein.

32. On March 20, 2019, the Defendant, Brian P. Gilbert, executed under seal and delivered to Residential Mortgage Services, Inc. a certain Note in the amount of $89,100.00. *See* Exhibit B.

33. The Defendant, Brian P. Gilbert, is in default for failure to properly tender the October 1, 2019 payment and all subsequent payments. *See* Exhibit H.

34. The Plaintiff, Lakeview Loan Servicing, LLC, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Brian P. Gilbert.

35. The Defendant, Brian P. Gilbert, having failed to comply with the terms of the Note and Mortgage, is in breach of both the Note and the Mortgage.

36. The Defendant Brian P. Gilbert's breach is knowing, willful, and continuing.

37. The Defendant Brian P. Gilbert's breach has caused Plaintiff Lakeview Loan Servicing, LLC to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

38. The total debt owed under the Note and Mortgage as of February 3, 2022, if no payments are made, is One Hundred Ten Thousand Eight Hundred Seventeen and 57/100 ($110,817.57) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $88,547.78 |
| Interest | $10,455.82 |
| Late Fees | $132.54 |
| Total Fees | $62.00 |
| Total Advances | $2,833.95 |
| Escrow Advance | $8,501.57 |
| Insurance Premium | $283.91 |
| Grand Total | $110,817.57 |

39. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

40. The Plaintiff, Lakeview Loan Servicing, LLC, repeats and re-alleges paragraphs 1 through 39 as if fully set forth herein.

41. By executing, under seal, and delivering the Note, the Defendant, Brian P. Gilbert, entered into a written contract with Residential Mortgage Services, Inc. who agreed to loan the amount of $89,100.00 to the Defendant. *See* Exhibit B.

42. As part of this contract and transaction, the Defendant, Brian P. Gilbert, executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

43. The Plaintiff, Lakeview Loan Servicing, LLC, is the proper holder of the Note and successor-in-interest to Residential Mortgage Services, Inc., and has performed its obligations under the Note and Mortgage.

44. The Defendant, Brian P. Gilbert, breached the terms of the Note and Mortgage by failing to properly tender the October 1, 2019 payment and all subsequent payments. *See* Exhibit H.

45. The Plaintiff, Lakeview Loan Servicing, LLC, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Brian P. Gilbert.

46. The Defendant, Brian P. Gilbert, having failed to comply with the terms of the Note and Mortgage, is in breach of contract.

47. The Defendant, Brian P. Gilbert, is indebted to Lakeview Loan Servicing, LLC in the sum of One Hundred Ten Thousand Eight Hundred Seventeen and 57/100 ($110,817.57) Dollars, for money lent by the Plaintiff, Lakeview Loan Servicing, LLC, to the Defendant.

48. Defendant Brian P. Gilbert's breach is knowing, willful, and continuing.

49. Defendant Brian P. Gilbert's breach has caused Plaintiff, Lakeview Loan Servicing, LLC, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

50. The total debt owed under the Note and Mortgage as of February 3, 2022, if no payments are made, is One Hundred Ten Thousand Eight Hundred Seventeen and 57/100 ($110,817.57) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $88,547.78 |
| Interest | $10,455.82 |
| Late Fees | $132.54 |
| Total Fees | $62.00 |
| Total Advances | $2,833.95 |
| Escrow Advance | $8,501.57 |
| Insurance Premium | $283.91 |
| Grand Total | $110,817.57 |

51. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT IV – QUANTUM MERUIT

52. The Plaintiff, Lakeview Loan Servicing, LLC, repeats and re-alleges paragraphs 1 through 51 as if fully set forth herein.

53. Residential Mortgage Services, Inc., predecessor-in-interest to Lakeview Loan Servicing, LLC, loaned Defendant, Brian P. Gilbert, $89,100.00.  *See* Exhibit B.

54. The Defendant, Brian P. Gilbert, is in default for failure to properly tender the October 1, 2019 payment and all subsequent payments.  *See* Exhibit H.

55. As a result of the Defendant Brian P. Gilbert's failure to perform under the terms of their obligation, the Defendant, should be required to compensate the Plaintiff, Lakeview Loan Servicing, LLC.

56. As such, the Plaintiff, Lakeview Loan Servicing, LLC, is entitled to relief under the doctrine of *quantum meruit*.

## COUNT V –UNJUST ENRICHMENT

57. The Plaintiff, Lakeview Loan Servicing, LLC, repeats and re-alleges paragraphs 1 through 56 as if fully set forth herein.

58. Residential Mortgage Services, Inc., predecessor-in-interest to Lakeview Loan Servicing, LLC, loaned the Defendant, Brian P. Gilbert, $89,100.00. *See* Exhibit B.

59. The Defendant, Brian P. Gilbert, has failed to repay the loan obligation.

60. As a result, the Defendant, Brian P. Gilbert, has been unjustly enriched to the detriment of the Plaintiff, Lakeview Loan Servicing, LLC as successor-in-interest to Residential Mortgage Services, Inc. by having received the aforesaid benefits and money and not repaying said benefits and money.

61. As such, the Plaintiff, Lakeview Loan Servicing, LLC, is entitled to relief.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Lakeview Loan Servicing, LLC, prays this Honorable Court:

a) Issue a judgment of foreclosure and sale in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, Lakeview Loan Servicing, LLC, upon the expiration of the period of redemption;

c) Find that the Defendant, Brian P. Gilbert, is in breach of the Note by failing to make payment due as of October 1, 2019, and all subsequent payments;

d) Find that the Defendant, Brian P. Gilbert, is in breach of the Mortgage by failing to make payment due as of October 1, 2019, and all subsequent payments;

e) Find that the Defendant, Brian P. Gilbert, entered into a contract for a sum certain in exchange for a security interest in the subject property;

f)  Find that the Defendant, Brian P. Gilbert, is in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due October 1, 2019 and all subsequent payments;

g)  Find that the Plaintiff, Lakeview Loan Servicing, LLC, is entitled to enforce the terms and conditions of the Note and Mortgage;

h)  Find that by virtue of the money retained by the Defendant, Brian P. Gilbert has been unjustly enriched at the Plaintiff's expense;

i)  Find that such unjust enrichment entitles the Plaintiff, Lakeview Loan Servicing, LLC, to restitution;

j)  Find that the Defendant, Brian P. Gilbert, is liable to the Plaintiff, Lakeview Loan Servicing, LLC, for money had and received;

k)  Find that the Defendant, Brian P. Gilbert, is liable to the Plaintiff for quantum meruit;

l)  Find that the Defendant, Brian P. Gilbert, has appreciated and retained the benefit of the Mortgage and the subject property;

m)  Find that it would be inequitable for the Defendant, Brian P. Gilbert, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

n)  Find that the Plaintiff, Lakeview Loan Servicing, LLC, is entitled to restitution for this benefit from the Defendant, Brian P. Gilbert;

o)  Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

p) Additionally, issue a money judgment against the Defendant, Brian P. Gilbert, and in favor of the Plaintiff, Lakeview Loan Servicing, LLC, in the amount of One Hundred Ten Thousand Eight Hundred Seventeen and 57/100 ($110,817.57 Dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs;

q) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
Lakeview Loan Servicing, LLC,
By its attorneys,

Dated: February 15, 2022

/s/Reneau J. Longoria, Esq.
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
RJL@dgandl.com